**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.  03-20012-JWL** |
| ) | |
| **BRIAN A. FALKNER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Nearly five years ago, Defendant Brian A. Falkner was sentenced to 120 months in prison for a drug offense.  His case is once again before this court on his pro se Motion for Reduction of Sentence (Doc. 31), his pro se Motion to Compel (Doc. 35), and a Motion to Reduce Sentence (Doc. 40) filed by counsel.  For the reasons stated below, all three motions are denied.

**BACKGROUND**

In October 2003, Mr. Falkner pleaded guilty to distribution of five grams or more of cocaine base and possession with intent to deliver cocaine.  The Presentence Investigation Report included as relevant conduct the following drug amounts: 10 kilograms plus 12.4 grams of cocaine base (crack), 27.8 grams of cocaine, and 23.9 grams of marijuana.  This gave Mr. Falkner a Base Offense Level of 38.  Acceptance

of responsibility resulted in an Adjusted Offense Level of 35. Mr. Falkner fell into criminal history category VI, giving him a range of imprisonment from 292-365 months. This court accepted a motion from the Government for a downward departure and imposed a 120-month prison sentence.

## DISCUSSION

Mr. Falkner has filed two pro se motions and his attorney from the Federal Public Defender's office filed an additional motion on his behalf.

### I.    Mr. Falkner's Pro Se Motion for Reduction of Sentence (Doc. 31)

Mr. Falkner suggests that his sentence should be reduced because of Amendment 706 to the Sentencing Guidelines, and he requests counsel to "investigate my circumstances and prepare the motion for the reduction." (Doc. 31.) This court granted Mr. Falkner's motion for appointment of counsel, and his appointed attorney filed a Motion to Reduce Sentence, discussed below. Because a litigant is not entitled to represent himself and be represented by counsel, *see United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995), this motion is denied to the extent it seeks relief other than appointment of counsel.

### II.    Mr. Falkner's Pro Se Motion to Compel Government to File for a Reduction of Sentence (Doc. 35)

Before receiving appointed counsel, Mr. Falkner filed a pro se motion asking this court to force the Government to file a motion seeking a reduced sentence. Mr.

2

Falkner claims that he provided information to government agents who promised him a reduced sentence in exchange.  He contends that the failure to reduce his sentence "is either an oversight or an act of bargaining in bad faith," and he asks the court to intervene.

The Government has sole discretion in deciding when to seek a reduced sentence as a result of substantial assistance from a defendant.  *United States v. Massey*, 997 F.2d 823, 824 (10th Cir. 1993).  At most, a district court can review the Government's decision not to seek a reduction for an unconstitutional motive.  *Wade v. United States*, 504 U.S. 181, 185-86 (1992).

Here, the Government denies any knowledge of information from Mr. Falkner that would warrant a reduction in his sentence, and Mr. Falkner has not alleged any unconstitutional motive.  Thus, his motion to compel the Government to file for a reduction in his sentence is denied.

**III.    Motion to Reduce Sentence** (Doc. 40)

Mr. Falkner suggests that his sentence should be reduced pursuant to this court's authority under 18 U.S.C. § 3582(c), which allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The policy statement to which § 3582(c) refers is § 1B1.10 of the United

States Sentencing Guidelines.  Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c).  U.S.S.G. § 1B1.10(a)(1).

Mr. Falkner relies on Amendment 706, which modified base offense levels for cocaine base (crack) in the Drug Quantity Table of § 2D1.1.  U.S.S.G. app. C Supp. Amend. 706.  Amendment 706 is listed as a covered amendment in § 1B1.10, U.S.S.G. § 1B1.10 (Supp. 2008), so it applies retroactively and may serve as support for a § 3582 reduction in sentence.  *See* U.S.S.G. app. C Supp. Amend. 713.

Section 1B1.10 also provides, however, that a reduction in sentence is not authorized if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  And therein lies the problem for Mr. Falkner.

Mr. Falkner's relevant conduct, for purposes of sentencing, included 10 kilograms plus 12.4 grams of cocaine base (crack).  According to the Drug Quantity Table in effect at the time, Mr. Falkner was assigned a Base Offense Level of 38 (the highest level listed) because his case involved "1.5 KG or more of Cocaine Base." U.S.S.G. § 2D1.1 (2003).  Amendment 706 changed § 2D1.1(c) so that Base Offense Level 38 now applies to "4.5 KG or more of Cocaine Base."  U.S.S.G. § 2D1.1(c) & app. C Supp. Amend. 706.  Mr. Falkner's relevant conduct included far more than 4.5 kilograms of cocaine base, and so his Base Offense Level remains unchanged by

4

Amendment 706.  Thus, his applicable guideline range is not lowered and a reduction in sentence based on Amendment 706 is not authorized.  U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Herrera*, No. 08-6046, 2008 WL 4060168, at *4 (10th Cir. Sept. 3, 2008) (unpublished); *United States v. Williams*, No. 08-5014, 2008 WL 3861175, at *2 (10th Cir. Aug. 15, 1008) (unpublished).[1]

Mr. Falkner does not appear to challenge these calculations or this conclusion. Instead, he argues that this court nonetheless has jurisdiction to consider a sentence reduction because the policy statement in § 1B1.10 invalid.  In support of this contention, Mr. Falkner compares the precise language of § 1B1.10 and § 3582(c). Section 3582(c) applies to situations where a "sentencing range" has been lowered, but § 1B1.10 allows for reduced sentences only where a defendant's "guideline range" has been lowered.  The difference in terminology—sentencing range versus guideline range—renders § 1B1.10 invalid because it conflicts, and in fact narrows, the language of the statute, Mr. Falkner asserts.

This distinction is unclear at best, particularly given that § 3582(c) references a "sentencing range" as determined by the guidelines, which would appear to mean, then, the same thing as a "guideline range."  The only relevant range for purposes of calculating Mr. Falkner's sentence is the range listed on the Sentencing Table of the

---

[1]  Pursuant to Tenth Circuit Rule 32.1(A), the court cites these unpublished opinions for their persuasive value.

5

Guidelines, arrived at by finding the intersection of his Offense Level and his

Criminal History Category.  Even under the amended version of the Drug Quantity

Table, Mr. Falkner's starting Base Offense Level is 38, just as it was five years ago

when he was sentenced.  Thus, § 3582(c) affords Mr. Falkner no relief because

Amendment 706 had no effect on his applicable sentencing range.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for

Reduction of Sentence (Doc. 31), Motion to Compel (Doc. 35), and Motion to

Reduce Sentence (Doc. 40) are denied.

**IT IS SO ORDERED** this 30th day of September, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

6